B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Western District of Virginia

In re    **Edinburg Investments, LLC**_____,    Case No. _____**11-51167**_____

Debtor    Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 11,000,000.00 | | |
| B - Personal Property | Yes | 3 | 22,501.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 4,680,913.20 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 5.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 19,889.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 12 | | | |
| | Total Assets | | 11,022,501.00 | | |
| | | Total Liabilities | | 4,700,807.20 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Western District of Virginia

In re   **Edinburg Investments, LLC**                                ,   Case No. ___**11-51167**___

Debtor

Chapter                    **11**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re __Edinburg Investments, LLC_____,    Case No. ___11-51167_____

Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **182 Johns Manville Drive Edinburg, Virginia 22824**<br><br>**Tax Map Nos. 058-03-004 and 058-A-083A 84.367 acres, more or less**<br><br>***July 25, 2011 appraisal valued property at $11,000,000.00** | **Fee simple** | - | **11,000,000.00** | **4,680,913.20** |

|  | Sub-Total >  | **11,000,000.00** | (Total of this page) |
|---|---|---|---|
|  | Total >  | **11,000,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **Edinburg Investments, LLC**                                                      ,    Case No.    __11-51167__
Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **Security Deposit; Dominion Virginia Power** | - | **20,000.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Property and Casualty policies; Cincinnati Insurance Company** | - | **1.00** |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          **20,001.00**
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Edinburg Investments, LLC**                                      , Case No. _____**11-51167**_____
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >                      **0.00**
(Total of this page)

Sheet __**1**__ of __**2**__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Edinburg Investments, LLC**                                              ,    Case No.    __11-51167__
                                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | Customer list; Debtor's business location | - | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Miscellaneous office equipment and furnishings; Debtor's business location | - | 2,500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 2,500.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 22,501.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Edinburg Investments, LLC**                                    Case No.    **11-51167**
_____
Debtor(s)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns).

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | C O D E B T O R | Husband, Wife, Joint or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
| | | H W J C | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**Atlantic Renewable Energy Corp.<br>c/o Ann M. Callaway, P.C.<br>15 Garrett St.<br>Warrenton, VA 20186** | | N A | | **Second Deed of Trust**<br><br>**182 Johns Manville Drive<br>Edinburg, Virginia 22824** | | | | | |
| | | | | VALUE        **$11,000,000.00** | | | | **$65,895.00** | **$0.00** |
| ACCOUNT NO.<br><br>**County of Shenandoah<br>Cindy A. George, Treasurer<br>600 N. Main St., Suite 105<br>Woodstock, VA 22664** | | N A | | **2011 or prior**<br><br>**Real Estate Taxes**<br><br>**182 Johns Manville Drive<br>Edinburg, Virginia 22824** | | | | | |
| | | | | VALUE        **$11,000,000.00** | | | | **$62,750.20** | **$0.00** |

Sheet 1 of 2 total sheets in Schedule of Creditors Holding Secured Claims

B6D (Official Form 6D) (12/07) - Cont.

In re **Edinburg Investments, LLC**                              Case No. **11-51167**
_____                         _____
                    Debtor(s)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above*) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | Husband, Wife, Joint or Community | | | | | |
| ACCOUNT NO. | | | | | | | | |
| **Farmers and Merchants Bank** c/o John N. Crist, Esq. **342 S. Main Street Harrisonburg, VA 22801** | | N A | **First Deed of Trust** **182 Johns Manville Drive, Edinburg, Virginia 22824;** **Cross-collateralized by a lien on Kevin Moyer's personal residence (467 Somers Road, Luray) and other real property, also including the personal residence of Allen and Barbara Moyer (1752 Ida Road, Luray)** | | | | | |
| | | | VALUE          **$11,000,000.00** | | | | **$4,552,268.00** | **$0.00** |
| | | | Total(s) (Use only on last page) | | | | **$4,680,913.20** | **$0.00** |
| | | | | | | | (Report also on Summary of Schedules) | If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Sheet 2 of 2 total sheets in Schedule of Creditors Holding Secured Claims

B6E (Official Form 6E) (4/10)

In re  **Edinburg Investments, LLC**                                      Case No.  **11-51167**
                                                                    ,
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*  *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____  continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re  **Edinburg Investments, LLC**                                    ,        Case No.  **11-51167**
                                          Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. | | | | | 2011 or prior Personal Property Taxes | | | | | 0.00 |
| County of Page Penny R. Gray, Treasurer 101 S. Court Street Luray, VA 22835 | | - | | | | X | X | | 1.00 | 1.00 |
| Account No. | | | | | 2011 or prior Personal Property Taxes | | | | | 0.00 |
| County of Shenandoah Cindy A. George, Treasurer 600 N. Main St., Suite 105 Woodstock, VA 22664 | | - | | | | X | X | | 1.00 | 1.00 |
| Account No. | | | | | 2011 or prior Taxes | | | | | 1.00 |
| Internal Revenue Service P.O. Box 7346 Philadelphia, PA 19101 | | - | | | | X | X | | 1.00 | 0.00 |
| Account No. | | | | | 2011 Potential Capital Gains Taxes | | | | | 0.00 |
| Internal Revenue Service 400 N. 8th Street, Box 76 Stop Room 898 Richmond, VA 23219 | X | - | | | | X | X | | 1.00 | 1.00 |
| Account No. | | | | | 2011 or prior Taxes | | | | | 0.00 |
| Virginia Department of Taxation OCC/Bankruptcy P.O. Box 2156 Richmond, VA 23218 | | - | | | | X | X | | 1.00 | 1.00 |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 5.00 | 1.00 / 4.00 |
| Total (Report on Summary of Schedules) | 5.00 | 1.00 / 4.00 |

B6F (Official Form 6F) (12/07)

In re    **Edinburg Investments, LLC**                                    Case No.    **11-51167**
_____,
                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No.  **Allen T. Moyer and Barbara Moyer** **1752 Ida Road** **Luray, VA 22835** | - | | | | **2011** **Contingent Contribution Claim** | X | X | | 1.00 |
| Account No.  **Allen T. Moyer, II** **1752 Ida Road** **Luray, VA 22835** | - | | | | **2011 or prior** **Contingent Contribution Claim** | X | X | | 1.00 |
| Account No.  **Dominion Virginia Power** **P.O. Box 26543** **Richmond, VA 23290-0001** | - | | | | **2011** **Utility Service** | X | X | | 1.00 |
| Account No.  **Kevin E. Moyer** **467 Somers Road** **Luray, VA 22835** | - | | | | **2011 or prior** **Contingent Contribution Claim** | X | X | | 1.00 |

_**1**_   continuation sheets attached

Subtotal
(Total of this page)                                                    **4.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Edinburg Investments, LLC**                                              ,         Case No. _____**11-51167**_____

_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. <br><br> **Miller, Earle & Shanks, PLLC** <br> **560 Neffs Avenue** <br> **Suite 200** <br> **Harrisonburg, VA 22801** | - | | | 2011 <br> Legal Services | X | X | | <br><br> 1.00 |
| Account No. <br><br> **Moyer Poultry Farm. Inc.** <br> **467 Somers Road** <br> **Luray, VA 22835** | - | | | August 2011 <br> Loan | | | | <br><br> 12,500.00 |
| Account No. <br><br> **ShenTel** <br> **P.O. Box 459** <br> **Edinburg, VA 22824** | - | | | 2011 <br> Utility Service | X | X | | <br><br> 1.00 |
| Account No. **xxx5207** <br><br> **The Cincinnati Insurance Company** <br> **P.O. Box 145620** <br> **Cincinnati, OH 45250-5620** | - | | | 2011 or prior <br> Insurance Premiums | | | | <br><br> 7,382.00 |
| Account No. <br><br> **Yancey, Miller, Helsley & Bowman** <br> **122 N. Main Street** <br> **Woodstock, VA 22664** | - | | | 2011 <br> Accounting Services | X | X | | <br><br> 1.00 |

Sheet no. __1___ of __1___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | | 19,885.00 |
| Total <br> (Report on Summary of Schedules) | | 19,889.00 |

B6G (Official Form 6G) (12/07)

In re  **Edinburg Investments, LLC**                                              Case No.  **11-51167**
_____,
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Atlantic Renewable Energy Corp.**<br>**c/o Thomas J. Smith**<br>**6609 Castle Knoll Drive**<br>**Clifton, VA 20124** | **Real Estate Lease Agreement (defunct)** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Edinburg Investments, LLC**                                    , Case No. ___**11-51167**_____
                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Allen T. Moyer and Barbara Moyer**<br>**1752 Ida Road**<br>**Luray, VA 22835** | **Farmers and Merchants Bank**<br>**c/o John N. Crist, Esq.**<br>**342 S. Main Street**<br>**Harrisonburg, VA 22801** |
| **Allen T. Moyer, II**<br>**1752 Ida Road**<br>**Luray, VA 22835** | **Farmers and Merchants Bank**<br>**c/o John N. Crist, Esq.**<br>**342 S. Main Street**<br>**Harrisonburg, VA 22801** |
| **Heritage Land Investments, LLC**<br>**467 Somers Road**<br>**Luray, VA 22835** | **Farmers and Merchants Bank**<br>**c/o John N. Crist, Esq.**<br>**342 S. Main Street**<br>**Harrisonburg, VA 22801** |
| **Kevin E. Moyer**<br>**467 Somers Road**<br>**Luray, VA 22835** | **Farmers and Merchants Bank**<br>**c/o John N. Crist, Esq.**<br>**342 S. Main Street**<br>**Harrisonburg, VA 22801** |
| **Kevin E. Moyer**<br>**467 Somers Road**<br>**Luray, VA 22835** | **Internal Revenue Service**<br>**400 N. 8th Street, Box 76**<br>**Stop Room 898**<br>**Richmond, VA 23219** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Western District of Virginia

In re __Edinburg Investments, LLC_____     Case No. __11-51167_____
                                                     Debtor(s)     Chapter __11_____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __14__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __August 29, 2011_____     Signature     __/s/ Kevin E. Moyer_____
                                                   **Kevin E. Moyer**
                                                   **Managing Member**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Western District of Virginia

In re   __Edinburg Investments, LLC__                                    Case No.   __11-51167__
                                          Debtor(s)         Chapter   __11__

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|       AMOUNT       |       SOURCE       |

---

### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|       AMOUNT       |       SOURCE       |

---

### 3. Payments to creditors

None
■

**Complete a. or b., as appropriate, and c.**

    a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
■

    b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
■

    c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| **Farmers and Merchants Bank** | **Foreclosure** | **Shenandoah County** | **Scheduled for August 16, 2011 at 2:00 pm** |

None
■

    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None ☐ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |
| **Water and roof damage from hurricane** | **Loss covered by Cincinnati Insurance Company; $21,000.00** | **July 2011** |

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Magee Goldstein Lasky & Sayers, P.C. Post Office Box 404 Roanoke, VA 24003-0404** | **August 12, 201; Moyer Poultry Farm, Inc.** | **See Bankruptcy Case Engagement Agreement** |

4

---

**10. Other transfers**

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11. Closed financial accounts**

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

---

**12. Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13. Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14. Property held for another person**

None ■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

5

---

**15.  Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Yancey, Miller, Helsley & Bowman**<br>**122 N. Main Street**<br>**Woodstock, VA 22664** | **Previous two years** |

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Yancey, Miller, Helsley & Bowman** | **122 N. Main Street**<br>**Woodstock, VA 22664** |
| **Kevin E. Moyer** | **467 Somers Road**<br>**Luray, VA 22835** |

7

None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
☐       issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **Farmers and Merchants Bank** | **2009, 2010, 2011** |
| **127 W. Rockingham Street** | |
| **P.O. Box 26** | |
| **Elkton, VA 22827** | |

---

### 20. Inventories

None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory,
■       and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
☐       controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|
| **Kevin E. Moyer** | **Managing Member** | **100%** |
| **467 Somers Road** | | |
| **Luray, VA 22835** | | |

---

### 22 . Former partners, officers, directors and shareholders

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■       commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
■       immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
■       in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the
        commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

8

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **August 29, 2011**                      Signature    **/s/ Kevin E. Moyer**
                                                            **Kevin E. Moyer**
                                                            **Managing Member**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Western District of Virginia

| | | | |
|---|---|---|---|
| In re | **Edinburg Investments, LLC** | Case No. | **11-51167** |
| | Debtor(s) | Chapter | **11** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | **50,000.00** |
    | Prior to the filing of this statement I have received | $ | **12,500.00** |
    | Balance Due | $ | **37,500.00** |

2.  The source of the compensation paid to me was:

    ☐ Debtor    ■ Other (specify):    **Moyer Poultry Farm, Inc.**

3.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **See Bankruptcy Engagement Agreement**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **See Bankruptcy Engagement Agreement**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **August 29, 2011**                              **/s/ A. Carter Magee, Jr.**
                                                           **A. Carter Magee, Jr.**
                                                           **Magee Goldstein Lasky & Sayers, P.C.**
                                                           **Post Office Box 404**
                                                           **Roanoke, VA 24003-0404**
                                                           **540-343-9800  Fax: 540-343-9898**

---

## BANKRUPTCY CASE ENGAGEMENT AGREEMENT

THIS BANKRUPTCY CASE ENGAGEMENT AGREEMENT (the "Agreement") is made by and between EDINBURG INVESTMENTS, LLC (collectively, the "Client") and MAGEE GOLDSTEIN LASKY & SAYERS, P.C. ("MGLS"), this 12th day of August, 2011.

1.    <u>Retainer.</u>    For and in consideration of a FIFTY THOUSAND DOLLARS ($50,000.00) retainer (the "Retainer"), of which $12,500.00 has been paid, the Client agrees to retain MGLS for legal representation in all matters arising out of or relating to institution and pursuit to completion of chapter 11 bankruptcy proceedings, including confirmation of a plan of reorganization—or in the event the Client cannot be reorganized, an orderly liquidation, entry of a final decree, and a final order closing the bankruptcy case (the "Case"). MGLS' representation is limited to representation of the Client in a chapter 11 proceeding. MGLS will not represent the Client if the Case is dismissed or converted to another chapter under the United States Bankruptcy Code (the "Bankruptcy Code"), unless a separate engagement agreement is executed and additional retainer is paid. MGLS attorneys' fees and expenses are subject to approval by the United States Bankruptcy Court (the "Bankruptcy Court") upon applications duly filed (the "Fee Applications"). Attorneys' fees and expenses incurred by MGLS in this Case prior to confirmation of the Client's plan of reorganization shall be paid by the Client, as approved by an order(s) of the Bankruptcy Court ("Fee Order(s)") upon entry of a Fee Order. Attorneys' fees and expenses incurred by MGLS after confirmation of the Client's plan shall be paid by Client, or its assignee or designee upon presentation of MGLS' invoices.

2.    <u>Approval by Bankruptcy Court.</u>    MGLS    shall    promptly    request approval of this Agreement from the Bankruptcy Court pursuant to the applicable sections of the Bankruptcy Code and applicable bankruptcy and local rules. The parties agree that the Retainer

1

is reasonable under the circumstances of this Case. Attorneys' fees and expenses are expected to be more than the Retainer because the nature, extent and complexity of the legal and business issues and circumstances that are expected to arise in this Case.

3.    Fees.    Client contracts with MGLS for legal services at the hourly rates set forth in **Exhibit 1** for the time expended by MGLS and its professional staff for and on behalf of Client. Attorneys' fees incurred for travel, preparation of MGLS fee applications, orders regarding fee applications, notices and hearings on fee applications, and defending fee and expense applications will be charged to Client at seventy-five per cent (75%) of MGLS' full hourly rates. MGLS represents to Client and Client accepts the representation that the fees and expenses set forth on **Exhibit 1** are the fees and expenses that have been charged by MGLS to its bankruptcy and non-bankruptcy clients since January 1, 2011. MGLS rates are subject to increases at the first of the calendar year.

4.    Ordinary Costs and Expenses.    All expenses incurred by MGLS on behalf of the Client including, but not limited to, document production and reproduction costs ($.15 per page in-house), charges for long distance telephone calls, conference telephone calls, expedited delivery services, facsimile transmissions ($.25 per page), messenger services, travel at the then current IRS rate for automobile travel, lodging, postage, telegram, and other ordinary and necessary expenses will be billed to the Client at the actual cost and will be subject to allowance and approval by the Bankruptcy Court. If MGLS uses air travel, MGLS will bill at $275.00 per hour for reimbursement of airtime costs. Allowance and approval of MGLS' expenses will be requested simultaneously with MGLS' request for allowance and approval of attorneys' fees in Fee Applications submitted to the Bankruptcy Court.

5.     <u>Extraordinary Third Party Expenses.</u>     In addition to prompt and timely payment of attorneys' fees and expenses allowed by the Bankruptcy Court, the Client shall pay for extraordinary expenses incurred by MGLS on its behalf. Extraordinary expenses include, but are not limited to, outside copying costs, deposition expenses, witness fees and costs, subpoena fees, service of process fees, court reporter and transcription costs, word processing contractors, and similar out-of-pocket expenses. All such expenses incurred are the Client's responsibility, including any fees and expenses incurred by accountants, actuaries, appraisers, consultants, public relations consultants, special accountants for limited purposes, special counsel, title examiners, and other professional persons that may be employed, subject to the Bankruptcy Court's approval. Such service providers' fees and expenses must be approved by the Bankruptcy Court. The Client is responsible for the payment of all such fees and expenses and shall pay such invoices after approval by the Bankruptcy Court. MGLS shall have no liability for such third party fees and expenses.   In this case, it is likely that the Client will engage a consultant engaged in corporate financial and strategic consulting to consult and advise the Client.   The Client anticipates using someone as its financial consultant in this case.  MGLS is not responsible for consultant's fees and expenses.  Those costs will be borne by the Client.

6.     <u>Bankruptcy Court Approval and Allowance of Fees and Costs.</u>     All attorney's fees and expenses incurred prior to the confirmation of the Client's plan must be approved by the Bankruptcy Court. Assuming the Bankruptcy Court approves a "first day" request for interim compensation procedures, at least every ninety (90) days after the commencement of the Client's bankruptcy case, MGLS will submit Fee Applications according to a process approved by the Bankruptcy Court seeking the allowance and payment of fees and expenses incurred for legal services rendered to the Client. MGLS Fee Applications will contain an itemized description of

all of the services rendered by date, time incurred, timekeeper, amount(s) requested, and actual expenses incurred. Upon filing Fee Applications, MGLS shall simultaneously send an invoice to the Client. The Client shall pay the Bankruptcy Court-approved fees and expenses immediately after entry of the Fee Order approving such Fee Application.

7.      <u>Retainer as Trust Fund.</u>      The parties agree that the Retainer is deemed to be held in trust to secure payment of MGLS' attorneys' fees and expenses. Any interest accruing on the Retainer will be added to the Retainer. If the Client or MGLS notifies the other in writing of a decision to terminate MGLS' representation, the balance of the Retainer may be applied to all accrued but unpaid fees and expenses incurred up to the date of termination, subject to Bankruptcy Court approval and the balance of the Retainer, if any, shall be distributed as the Bankruptcy Court directs.

8.      <u>Identity of Client.</u>      For the purposes set forth in this Agreement, and the Case contemplated herein, MGLS shall represent only the Client and no other party. All duties and responsibilities of MGLS created and imposed by this Agreement shall be owed only to the Client, and not to its board of directors or any officer, director, agent, or employee of the Client, or any other party to these proceedings.  MGLS will not represent Client's current officers, directors, or employees.  Separate counsel should be engaged to represent and advise the officers, directors and managers.

9.      <u>Duties of the Client.</u> The Client, through its officers and directors shall fully and faithfully cooperate with MGLS at all times and shall use best efforts to provide MGLS with such assistance as requested by MGLS and shall promptly and accurately provide MGLS all information requested by MGLS. Upon MGLS' request, the Client, by its authorized representative, shall timely execute all necessary and appropriate documents that may be required in

the course of the Case. Client shall promptly meet with MGLS representatives upon request. A designated representative or representatives of the Client shall appear in person at all conferences, depositions, examinations, hearings, and other meetings, as requested by MGLS. The Client shall fully and conscientiously perform all of the statutory duties of debtor and debtor-in-possession under the United States Bankruptcy Code, and shall timely comply with all reasonable requests for information or reports requested by the Bankruptcy Judge, the Office of United States Trustee, the Clerk of the Bankruptcy Court, MGLS, or any other creditor or party in interest. The Client shall maintain accurate financial records and shall file all monthly and quarterly operating reports when due and shall pay all quarterly fees when due.

10.    Scope of Representation.    With the assistance of the Client's officers, directors and employees, MGLS shall use reasonable efforts to prepare and file with the Bankruptcy Court all necessary and appropriate documents and pleadings in connection with the initiation and prosecution of a the Case. MGLS shall be the final arbiter of "necessary and appropriate documents and pleadings" that will be filed in connection with the Case. MGLS shall represent the Client in accordance with applicable bankruptcy law and rules. MGLS shall appear at hearings for which the Client is required to appear, and shall keep the Client advised of actions or events that arise or that are reasonably anticipated by MGLS to arise with regard to the Case.

11.    Attorney as Representative.    The Client, by its authorized representatives, has authorized A. Carter Magee, Jr., and the law firm of Magee Goldstein Lasky & Sayers, P.C. to represent it in the Case, utilizing legal means and procedures available under the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable state and federal law to restructure the Client's financial affairs.

12.    <u>Extraordinary Expertise.</u>        MGLS will act as Client's bankruptcy counsel. This Agreement does not contemplate the provision of extraordinary legal services outside the ordinary scope of a chapter 11 bankruptcy proceeding for an operating consultant business. This Agreement and MGLS' employment hereunder does not include MGLS providing legal advice or services outside the scope of bankruptcy law and procedure, in areas including, but not limited to, tax, securities, environmental, labor, criminal, or similar matters. Nor does the scope of this engagement include many state law matters. If the Client requires representation in such matters, MGLS will assist Client in engaging special counsel.

13.    <u>"Persons in Control" Excluded.</u>        The following categories of persons or entities as set forth in the Bankruptcy Code are excluded from representation under this Agreement: (a) representation of officers, directors or other "persons in control" in connection with any personal liability; (b) filing of proofs of claim or interest by such "persons in control" in the bankruptcy case; (c) defense of any claims asserted by a creditor, party in interest, creditors' committee, or trustee against such "person in control" for the recovery of excess compensation, insider preferences, fraudulent transfers, set-offs, or for the equitable subordination of claims; (d) assertion or right to assert that any property in the possession of the Client is the personal property of such "person in control"; (e) any effort on the part of such "person in control," either directly or through another person or entity, to purchase any of the property of the estate from the debtor, debtor-in-possession, or trustee if a sale not in the ordinary course of business is authorized by the Bankruptcy Court; (f) the assertion by any "person in control" of any privilege against self-incrimination; and (g) any other matters which in the exercise of MGLS' professional judgment may create a conflict of interest, an appearance of impropriety, or a legal or moral position not otherwise approved by the rules of professional conduct or applicable federal or state law or rules.

14.    <u>Conflicts of Interest.</u>    In the event a conflict of interest appears, MGLS will notify the Court, the United States Trustee and other parties in interest as soon as reasonably possible, and thereafter shall act in accordance with the rules of professional conduct and applicable law and rules.

15.    <u>Termination of Agreement and Withdrawal from Representation.</u>    MGLS or the Client may terminate this Agreement and the services contemplated hereunder, with or without cause, at any time by delivering to the other party written notification of termination. If MGLS elects to terminate this Agreement, it shall do so in a manner and for reasons consistent with the rules of professional conduct, applicable federal or state law and rules, bankruptcy law and rules, orders of the Bankruptcy Court, or other court of appropriate jurisdiction, and this Agreement. MGLS may withdraw from representation of Client for reasons including, but not limited to:

*a.    Non-Payment of Retainer or Fees.*    To the extent that the Retainer or any fees and expenses are not paid when due or if in its sole discretion MGLS deems itself insecure as to payment of future fees or expenses, MGLS shall have the right to withdraw as counsel for the Client.

*b.    Failure to Cooperate.*    To the extent that the Client disregards its duties under this Agreement or fails to use its best efforts at all times to cooperate with MGLS and provide MGLS with such assistance as requested by MGLS, MGLS shall have the right to withdraw as counsel for the Client.

*c.    Perpetration of Fraud or Crime.*    To the extent that the Client: (i) persists in a course of action involving MGLS' services that the MGLS reasonably believes is criminal or fraudulent, MGLS shall have the right to withdraw as counsel for the Client; or (ii) has used the lawyer's services to perpetrate a crime or fraud, MGLS shall have the right to withdraw as counsel for the Client;

*d.    Conflict of Interest.*    In the event a conflict of interest appears, MGLS shall have the right to withdraw as counsel for the Client.

*e.    Unreasonably Burdensome Representation.*    In the event the Client chooses to act in a manner repugnant to MGLS, in a manner which MGLS

believes to be imprudent, or otherwise renders the representation unreasonably burdensome, MGLS shall have the right to withdraw as counsel for the Client.

    *f. Organization as the Client.* In the event that any officer, director, or employee of the Client engages in actions, intends to act, or refuses to act in a matter related to the representation that is a violation of a legal obligation to the Client or is a violation of any law which might be imputed to the Client or result in substantial injury to the Client, MGLS shall proceed as is reasonably necessary in the best interest of the Client, but shall have the right to withdraw as counsel for the Client.

    *g. Other Good Cause.* To the extent any other good cause for withdrawal exists, MGLS shall have the right to withdraw as counsel for the Client.

  16. <u>Client in Good Standing.</u> The Client represents that it is in good standing with appropriate federal, state, and other regulatory authorities.

IN WITNESS WHEREOF, the parties hereto affix their signatures.

"CLIENT"          "MGLS"
Edinburg Investments, LLC    Magee Goldstein Lasky & Sayers, P.C.

By: _____  By: _____
  Kevin E. Moyer       A. Carter Magee, Jr.

Its: __Managing Member_____  Its: __President_____

Date: __August 12, 2011_____  Date: __August 12, 2011_____

U:\A CLIENTS\Edinburg Investments, LLC\-01 Chapter 11\Bankruptcy Case Engagement Agreement.docx

## EXHIBIT 1 TO

## BANKRUPTCY CASE ENGAGEMENT AGREEMENT

## MAGEE GOLDSTEIN LASKY & SAYERS, P.C.

## FEE SCHEDULE

## (EFFECTIVE 01/01/11)

| ATTORNEY | HOURLY RATE |
| --- | --- |
| A. Carter Magee, Jr. | $350.00 |
| Andrew S. Goldstein | 310.00 |
| Kenneth J. Lasky | 310.00 |
| Richard R. Sayers | 300.00 |
| Garren R. Laymon | 185.00 |
| Kent Woods | 185.00 |
| Mark S. Roberts, Bookkeeper | 100.00 |
| Tracy A. Orndorff, Paralegal | 85.00 |
| Jessie A. Coffman, Paralegal | 90.00 |
| Ann Cundiff-Ford, Paralegal | 90.00 |
| Donna Pickett, Paralegal | 85.00 |
| Amanda Meador, Paralegal | 85.00 |

U:\A CLIENTS\Edinburg Investments, LLC\-01 Chapter 11\Bankruptcy Case Engagement Agreement.docx

# United States Bankruptcy Court

## Western District of Virginia

In re   **Edinburg Investments, LLC**                      ,   Case No.   **11-51167**

Debtor              Chapter      **11**

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Kevin E. Moyer**<br>**467 Somers Road**<br>**Luray, VA 22835** | **All** | **100%** | **Equity** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**August 29, 2011**_____      Signature_**/s/ Kevin E. Moyer**_____

                                         **Kevin E. Moyer**

                                       **Managing Member**

*Penalty for making a false statement or concealing property*:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§ 152 and 3571.

___**0**___ continuation sheets attached to List of Equity Security Holders

## United States Bankruptcy Court
### Western District of Virginia

In re    **Edinburg Investments, LLC**                                    Case No.    **11-51167**
                                              Debtor(s)        Chapter     **11**

## VERIFICATION OF CREDITOR MATRIX

I, the Managing Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and

correct to the best of my knowledge.

Date:    **August 29, 2011**                    **/s/ Kevin E. Moyer**

                                              **Kevin E. Moyer**/**Managing Member**
                                              Signer/Title